UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WUAN L. CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01489-WTL-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Petition for a Writ of Habeas Corpus,
Denying a Certificate of Appealability,
and Directing Entry of Final Judgment**

**I. Introduction**

On August 6, 2012, petitioner Wuan L. Clark plead guilty to non-support of a dependent child in Madison County, Indiana, case number 48C03-1107-FC-001357. He was sentenced to seven years imprisonment with five years of that term suspended. During the execution of his prison term, Mr. Clark was approved for placement in the Community Transition Program (CTP). He was released from prison and placed in the CTP, but just a few weeks later the community corrections program alleged that he had violated the rules of the CTP. On the same date the allegations were made, November 20, 2017, the state court ordered Mr. Clark back into prison custody where he remains today. In this 28 U.S.C. § 2254 action, Mr. Clark seeks habeas corpus relief on grounds of (1) ineffective assistance of counsel and (2) an "erroneous sentence." In a letter to the Court received on May 31, 2018, Mr. Clark appears to ask the Court to disregard these issues, and asserts that his only complaint in this Court is that he did not receive a written write-up or a hearing on the reason for his CTP violation, and he believes that was a due process

violation. *See* Dkt. No. 7. For the reasons set forth below, this Court will not address the viability of the substantive issues.

## II. Exhaustion and Respondent's Answer

Mr. Clark indicates that he has a post-conviction proceeding pending, and that he raised issues challenging his CTP revocation. But he also writes that he has not yet received a decision on his post-conviction action. Respondent, answering the instant action, asserts that Mr. Clark has not exhausted state court remedies, because his post-conviction case is pending, and therefore seeks the dismissal of this action on grounds of Mr. Clark's failure to first exhaust his state court remedies. Respondent also contends that the trial court has ruled against Mr. Clark and no appeal has ever been filed. Mr. Clark has not replied to respondent's answer to address these arguments.

## III. Discussion

The record is not at all clear, as to whether Mr. Clark has a pending state post-conviction action, but it is clear that Mr. Clark has not pursued an appeal – on any issue – to the Indiana appellate courts. Thus any claim he might have is unexhausted.

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (citation and quotation marks omitted).

Here, respondent has shown that Mr. Clark has never presented claims challenging his current incarceration to the Indiana Supreme Court. Dkt. No. 10, ex. 1. His state court post-conviction challenge, Madison County Circuit Court case number 48C03-1406-PC-000030, may still be pending. But clearly Mr. Clark has not presented his claims to the Indiana Court of Appeals or the Indiana Supreme Court. His claims are therefore not yet exhausted, and thus not ripe for federal habeas corpus review.

A petitioner may obtain federal habeas relief on unexhausted claims only when "(1) there is an absence of available State corrective process;" or "(2) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Mr. Clark has not provided any reason why the exhaustion requirement does not apply in this case. As noted above, he did not reply to respondent's answer and request to dismiss this action. The Court finds that Indiana's court system provides an effective process to protect Mr. Clark's rights in this case.

## IV. Conclusion

The petition, containing only unexhausted claims, is **dismissed**. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). The dismissal is without prejudice. The federal limitations period imposed by 28 U.S.C. § 2244(d) has been tolled since Mr. Clark filed his state post-conviction application. There appears to be no need for an abeyance pursuant to *Slack v. McDaniel*, 529 U.S. 473 (2000), and indeed, Mr. Clark has not asked for an abeyance.

Final judgment consistent with this Order shall now enter.

## V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c), the Court

finds that reasonable jurists would not find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this Court] was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED**.

Date: 10/29/18

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

Wuan L. Clark
174069
Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, IN 46064

Electronically Registered Counsel